**EXHIBIT "A"**

RECEIVED



# Supreme Court of Pennsylvania
## Court of Common Pleas
## Civil Cover Sheet

_____ County



JUL 2 0 2010

LAW DEPT.

For Prothonotary Use Only:
Docketed

Case Number: 2010-06993
Receipt: 2010-38-03577    Judge: 32
Code: 538    Filing: 9072016
Patricia Bachtle - Bucks Co Prothonotary
B09    7/13/2010 11:10:59 AM

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

**SECTION A**

**Commencement of Action:**
- ☒ Complaint
- ☒ Writ of Summons
- ☒ Petition
- ☒ Notice of Appeal
- ☒ Transfer from Another Jurisdiction
- ☒ Declaration of Taking

Lead Plaintiff's Name: Susan Haines

Lead Defendant's Name: Target Corporation

☐ **Check here if you are a Self-Represented (Pro Se) Litigant**

Name of Plaintiff/Appellant's Attorney: Robert J. Baccari, Esquire No. 78252

Are money damages requested? : ☒ Yes ☐ No

Dollar Amount Requested:
(Check one)
☒ within arbitration limits
☒ outside arbitration limits

Is this a *Class Action Suit?* ☒ Yes ☒ No

**SECTION B**

**Nature of the Case:** Place an "X" to the left of the **ONE** case category that most accurately describes your **PRIMARY CASE.** If you are making more than one type of claim, check the one that you consider most important.

**TORT** *(do not include Mass Tort)*
- ☒ Intentional
- ☒ Malicious Prosecution
- ☒ Motor Vehicle
- ☒ Nuisance
- ☒ Premises Liability
- ☒ Product Liability *(does not include mass tort)*
- ☒ Slander/Libel/Defamation
- ☒ Other:

**MASS TORT**
- ☒ Asbestos
- ☒ Tobacco
- ☒ Toxic Tort - DES
- ☒ Toxic Tort - Implant
- ☒ Toxic Waste
- ☒ Other:

**PROFESSIONAL LIABLITY**
- ☒ Dental
- ☒ Legal
- ☒ Medical
- ☒ Other Professional:

**CONTRACT** *(do not include Judgments)*
- ☒ Buyer Plaintiff
- ☒ Debt Collection: Credit Card
- ☒ Debt Collection: Other

- ☒ Employment Dispute: Discrimination
- ☒ Employment Dispute: Other

- ☒ Other:

**REAL PROPERTY**
- ☒ Ejectment
- ☒ Eminent Domain/Condemnation
- ☒ Ground Rent
- ☒ Landlord/Tenant Dispute
- ☒ Mortgage Foreclosure
- ☒ Partition
- ☒ Quiet Title
- ☒ Other:

**CIVIL APPEALS**
Administrative Agencies
- ☒ Board of Assessment
- ☒ Board of Elections
- ☒ Dept. of Transportation
- ☒ Zoning Board
- ☒ Statutory Appeal: Other

Judicial Appeals
- ☒ MDJ - Landlord/Tenant
- ☒ MDJ - Money Judgment
- ☒ Other:

**MISCELLANEOUS**
- ☒ Common Law/Statutory Arbitration
- ☒ Declaratory Judgment
- ☒ Mandamus
- ☒ Non-Domestic Relations Restraining Order
- ☒ Quo Warranto
- ☒ Replevin
- ☒ Other:




By:   Robert J. Baccari, Esquire                    **JURY TRIAL DEMANDED**
      Identification No: 78252
      28 E. County Line Road
      Feasterville, Pennsylvania 19053
      (215) 396-9001                                **Attorney for Plaintiff**

---

| | |
|---|---|
| SUSAN HAINES | : COURT OF COMMON PLEAS |
| 27 Highland Park Drive | : BUCKS COUNTY |
| Levittown, PA 19056 | : |
| Plaintiff | : CIVIL ACTION |
| v. | : |
| TARGET CORPORATION | : |
| 1000 Nicollet Mall | : No. _____ |
| Minneapolis, MN 55403 | : |
| and | : |
| EMERSON ELECTIC CO. | : |
| d/b/a Emerson Storage Solutions | : |
| 8000 W. Florissant Avenue | : |
| St. Louis, MO 63136 | : |
| Defendants | : |

---

## NOTICE TO DEFEND

| NOTICE | AVISO |
|---|---|
| You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you. | Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene veinte (20) días de plazo al partir de la fecha de la demanda y la notificación. Hace falta asentar una comparecencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificación. Además, la corte puede decidir a favor del demandante y requere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted. |
| YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP. | LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENDE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCIÓN SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL. |
| BUCKS COUNTY BAR ASSOCIATION 135 South State Street Doylestown, Pennsylvania 18901 Telephone: 215-348-9413 | ASOCIACION DE LICENCIADOS DE BUCKS 135 South State Street Doylestown, Pennsylvania 18901 Telefono: 215-348-9413 |

1

By:   Robert J. Baccari, Esquire                    JURY TRIAL DEMANDED
      Identification No. 78252
      28 E. County Line Road
      Feasterville, Pennsylvania 19053
      (215) 396-9001                                 Attorney for Plaintiff

---

| | |
|---|---|
| SUSAN HAINES | : COURT OF COMMON PLEAS |
| 27 Highland Park Drive | : BUCKS COUNTY |
| Levittown, PA 19056 | : |
| Plaintiff | : CIVIL ACTION |
| v. | : |
| TARGET CORPORATION | : |
| 1000 Nicollet Mall | : No. _____ |
| Minneapolis, MN 55403 | : |
| and | : |
| EMERSON ELECTIC CO. | : |
| d/b/a CLOSETMAID | : |
| 8000 W. Florissant Avenue | : |
| St. Louis, MO 63136 | : |
| Defendants | : |

---

## COMPLAINT IN CIVIL ACTION
### PREMISES LIABILITY - SLIP AND FALL

1.      Plaintiff, Susan Haines, is an adult individual residing at 27 Highland Park Drive,

Levittown, Pennsylvania 19056.

2.      Defendant, Target Corporation (hereinafter referred to as "Target"), is a business,

company, partnership, entity, fictitious name and/or corporation organized and existing under and

by virtue of the laws of the State of Minnesota, and authorized to conduct business as a foreign

company in the Commonwealth of Pennsylvania, with a principle place of business or registered

address for acceptance of service located at 1000 Nicollet Mall, in Minneapolis, Minnesota.

3.      Defendant, Emerson Electric Co. d/b/a Closetmaid (hereinafter referred to as

"Emerson"), is a business, company, partnership, entity, fictitious name and/or corporation

2

organized and existing under and by virtue of the laws of the State of Missouri, and authorized to conduct business as a foreign company in the Commonwealth of Pennsylvania, with a principle place of business or registered address for acceptance of service located at 8000 W. Florissant Avenue, in St. Louis, Missouri.

4.    At all times material and relevant to the Complaint, Defendant, Target owned, leased, managed, controlled and/or had dominion over the retail store commonly known as "Target" located at 2331 E. Lincoln Highway, Langhorne, PA (hereinafter referred to as the "Premises").

5.    At all times relevant and material to this Complaint, Defendant, Target did act through its agents, servants, workmen, employees and/or representatives in connection with the ownership, operation, management, maintenance, supervision and inspection of the Premises, including the supervision, inspection and control of the product and merchandise sold at the Premises, and at all times, said individuals acted within the course and scope of their employment and/or agency with Defendant, Target.

6.    At all times material and relevant hereto, there was an obligation on the part of Defendant, Target to inspect, maintain, repair, clean and otherwise be responsible for the Premises, including the condition and fitness of the product and merchandise sold at the Premises, so that same would be safe for use by customers, invitees and/or members of the public lawfully shopping at the Premises, including Plaintiff, Susan Haines.

7.    At all times relevant and material to this Complaint, Defendants, Emerson, was engaged in the manufacture, production, distribution, sale and supply of home storage and organization products, including but not limited to the manufacture, production, distribution, sale and supply of "Closetmaid" brand home storage and organization products being sold at the

3

Premises by Defendant, Target (hereinafter referred to as the "Closetmaid Product").

8. At all times relevant and material to this Complaint, Defendant, Emerson did act through its agents, servants, workmen, employees and/or representatives in connection with the manufacture, production, distribution, sale and supply of the Closetmaid Product, including the packaging for the Closetmaid Product, and at all times, said individuals acted within the course and scope of their employment and/or agency with Defendant, Emerson.

9. At all times material and relevant hereto, there was an obligation on the part of Defendant, Emerson to properly manufacture, produce, distribute, supply and otherwise be responsible for the Closetmaid Product being sold by Defendant, Target at its stores, including the packaging for the Closetmaid Product, so the same would be safe for use by customers of Defendant, Target, attempting to purchase the Closetmaid Product, including the Plaintiff herein.

10. On or before July 16, 2008, Defendant, Target contracted with Defendant, Emerson to manufacture, produce, distribute and supply the Closetmaid Product, including the packaging for the Closetmaid Product, for retail sale to customers of Defendant, Target at the Premises.

11. At all times relevant and material to this Complaint, the Closetmaid Product manufactured, produced, distributed and supplied by Defendant, Emerson and sold and distributed by Defendant, Target at the Premises, was in a dangerous, defective and unsafe condition, particularly, the packaging of the Closetmaid Product being in a defective condition.

12. On or before July 16, 2008, Defendant, Target sold and distributed the Closetmaid Product knowing that the Closetmaid Product, and particularly, the packaging of the Closetmaid Product, was in a dangerous, defective and unsafe condition.

13. On or before July 16, 2008, Defendant, Emerson manufactured, produced,

4

distributed and supplied the Closetmaid Product to Defendant Target knowing that the Closetmaid Product, and particularly, the packaging of the Closetmaid Product, was in a dangerous, defective and unsafe condition.

14.     On or about July 16, 2008, Plaintiff, Susan Haines, was lawfully shopping at the Premises owned and operated by Defendant, Target at 2331 E. Lincoln Highway, in Langhorne, Pennsylvania, and was attempting to purchase the Closetmaid Product, when suddenly and without warning, as she removed the Closetmaid Product from the shelf where it had been stocked by the agents, servants, workmen and/or employees of Defendant, Target, the packaging broke open, allowing the contents of the packaging, namely the unassembled Closetmaid Product itself, to drop from the shelf onto Plaintiff's foot, causing Plaintiff, Susan Haines, to suffer permanent injuries.

15.     At all times relevant hereto, Defendant, Target herein owed a duty to inspect and otherwise be responsible for the products and merchandise sold at the Premises, including the Closetmaid Product and packaging of the Closetmaid Product being sold in the Premises, and otherwise be responsible for the products and merchandise sold at the Premises, so that same would be safe for customers, invitees and/or members of the public lawfully shopping at the Premises, including Plaintiff, Susan Haines.

16.     Defendant, Target herein knew and/or should have known of the said dangerous, insecure and defective condition of the Closetmaid Product, including the packaging of the Closetmaid Product being sold in the Premises, and the likelihood that the said dangerous, insecure and defective condition, i.e., the packaging of the Closetmaid Product, would cause injuries to customers, invitees and/or members of the public lawfully shopping at the Premises.

17.     On or about July 16, 2008, and for some time prior thereto, Defendant Target had

5

notice of the dangerous, insecure and defective condition of the Closetmaid Product, including the packaging of the Closetmaid Product being sold in the Premises, and did allow said dangerous, insecure and defective product to remain on the shelf for display and purchase, and to remain in a dangerous, insecure and defective condition, which thereby created an unreasonable hazard to customers, invitees and members of the public lawfully shopping at the Premises, including Plaintiff, Susan Haines.

18.    At all times relevant hereto, Defendant, Emerson herein owed a duty to inspect and otherwise be responsible for the products and merchandise it manufactured, produced, distributed and supplied to Defendant, Target, including the Closetmaid Product and packaging of the Closetmaid Product being sold in the Premises by Defendant, Target, and otherwise be responsible for the products and merchandise it manufactured, produced, distributed and supplied to Defendant, Target, including the Closetmaid Product, so that same would be safe for customers of Defendant, Target lawfully shopping at the Premises, including Plaintiff, Susan Haines.

19.    Defendant, Emerson herein knew and/or should have known of the said dangerous, insecure and defective condition of the Closetmaid Product, including the packaging of the Closetmaid Product being sold in the Premises, and the likelihood that the said dangerous, insecure and defective condition, i.e., the packaging of the Closetmaid Product, would cause injuries to customers of Defendant, Target lawfully shopping at the Premises.

20.    On or about July 16, 2008, and for some time prior thereto, Defendant Emerson had notice of the dangerous, insecure and defective condition of the Closetmaid Product, including the packaging of the Closetmaid Product being sold in the Premises by Defendant, Target, and did allow said dangerous, insecure and defective product to be manufactured, produced, distributed

6

and supplied to Defendant, Target, and to remain in a dangerous, insecure and defective condition, which thereby created an unreasonable hazard to customers of Defendant Target lawfully shopping at the Premises, including Plaintiff, Susan Haines.

21.   The circumstances under which Plaintiff was injured were such that said injuries to Plaintiff could not have occurred except by Defendants' negligence, due to one or more defects in the manufacture and packaging of the Closetmaid Product at the time that it left the possession of Defendant, Emerson, and a lack of due care in the manufacture, production, distribution and supply of the Closetmaid Product, and due to one or more defects in the repackaging, stocking and display of the Closetmaid Product on the shelves of the Premises at the time that it left the possession of Defendant, Target, and a lack of due care in the repackaging, stocking and display of the Closetmaid Product.

22.   The aforesaid accident resulted solely from the negligence and carelessness of Defendants, Target and Emerson, and was due in no manner whatsoever to any act or failure to act on the part of Plaintiff, Susan Haines.

## COUNT I
## SUSAN HAINES vs. TARGET CORPORATION

23.   Plaintiff, Susan Haines, incorporates by reference thereto, Paragraphs 1 through 22, inclusive, as though same were set forth herein at length.

24.   Defendant, Target Corporation, was careless, negligent, breached their duties and obligations owed to Plaintiff, Susan Haines, pursuant to the common law and §402(a) of the Restatement (2d) of Torts, and are liable for causing injuries to Plaintiff for the following:

(a)   selling, distributing and/or repackaging and stocking the Closetmaid Product in a

defective condition;

(b)   selling a product, particularly, the Closetmaid Product, which was unreasonably
      dangerous;

(c)   selling a product, particularly, the Closetmaid Product, which was not safe for
      consumer consumption;

(d)   failing to have reasonable and necessary warnings on the Closetmaid Product;

(e)   failing to provide adequate warnings of the dangers and defective condition of the
      Closetmaid Product, including the packaging of the Closetmaid Product;

(f)   selling a product, particularly, the Closetmaid Product which could have been
      manufactured and packaged more safely;

(g)   selling a product, particularly, the Closetmaid Product which lacked all necessary
      safety features in its packaging to protect consumers of said product;

(h)   selling a product, particularly, the Closetmaid Product wherein it was foreseeable
      that someone would be injured in the manner and fashion in which plaintiff was
      injured to the defective packaging;

(i)   selling a product, particularly, the Closetmaid Product which was not safe;

(j)   selling a product, particularly, the Closetmaid Product which was lacking of one
      or more elements necessary to make it safe;

(k)   selling a product, particularly, the Closetmaid Product and its packaging which
      was defective and which could cause foreseeable injury to the consumer;

(l)   selling a product, particularly, the Closetmaid Product and its packaging which
      was unfit for consumption and failed to conform to industry standards;

(m)  selling a product, particularly, the Closetmaid Product and its packaging which
      could not be safely consumed by a purchaser, and was unfit for consumption and
      its failure to conform to industry standards;

(n)   selling a product, particularly, the Closetmaid Product and its packaging which
      could not be safely consumed by a purchaser due to the defective packaging and
      its lack of warnings, as well as being unfit for consumption and failed to conform
      to industry standards;

(o)   selling a product, particularly, the Closetmaid Product and its packaging in such a
      manner so as to allow the packaging to open without notice or warning;

(p)   violating appropriate American National Standards Institute standards;

(q)   selling a product, particularly, the Closetmaid Product and its packaging which
      did not have appropriate fail-safe designs to prevent the packaging from opening
      without notice or warning;

(r)   violating §402 of the Restatement (2d) of Torts;

(s)   selling a product, particularly, the Closetmaid Product and its packaging, which
      defendant knew or should have known would cause injury to the consumer;

(t)   selling a product, particularly, the Closetmaid Product and its packaging without
      any type of safety device that would prevent inadvertent opening of the packaging;

(u)   failure to provide safe conditions for customers lawfully shopping on the Premises;

(v)   failing to inspect, correct or have corrected, repair or protect from defective and/or
      hazardous condition of the Closetmaid Product and its packaging sold at the

8.

Premises, said condition existing for a long time prior to the date of the incident on July 16, 2008, i.e., being the improperly packaged product on the shelf for sale;

(w) allowing an unreasonably dangerous and unsafe condition to exist, i.e., an improperly packaged product on the shelf for sale, which Defendant knew or should have known created a dangerous hazard to customers shopping at the Premises;

(x) failure to properly and adequately maintain the merchandise being sold at the Premises, including the Closetmaid Product and its packaging;

(y) failure to properly and adequately hire and/or instruct the agents, servants, workmen, employees and/or representatives of Defendant herein, as to safe and proper procedures for inspecting and stocking of the products and merchandise sold at the Premises, including the Closetmaid Product which caused Plaintiff's injuries; and

(z) failure to respond in a timely manner to an insecure or dangerous condition of the Closetmaid Product.

25. The negligence and/or carelessness of the agents, servants, workmen, employees, representatives, managers and/or contractors of Defendant, Target, which occurred within the course and scope of employment and/or agency with Defendant is imputed to Defendant and therefore, Defendant Target is liable for the same.

**WHEREFORE**, Plaintiff, Susan Haines, demands damages of Defendant, Target Corporation, in a sum in excess of $50,000.00, plus interest, costs and attorney's fees.

## COUNT II
## SUSAN HAINES vs. EMERSON ELECTRIC CO.

26. Plaintiff, Susan Haines, incorporates by reference thereto, Paragraphs 1 through 25, inclusive, as though same were set forth herein at length.

27. Defendant, Emerson, was careless, negligent, breached their duties and obligations owed to Plaintiff, Susan Haines, pursuant to the common law and §402(a) of the Restatement (2d) of Torts, and are liable for causing injuries to Plaintiff for the following:

(a) designing, manufacturing, producing, assembling, distributing and/or packaging and selling the Closetmaid Product in a defective condition;

(b) selling a product, particularly, the Closetmaid Product, which was unreasonably dangerous;

9

(c)  selling a product, particularly, the Closetmaid Product, which was not safe for consumer consumption;

(d)  failing to have reasonable and necessary warnings on the Closetmaid Product;

(e)  failing to provide adequate warnings of the dangers and defective condition of the Closetmaid Product, including the packaging of the Closetmaid Product;

(f)  selling a product, particularly, the Closetmaid Product which could have been manufactured and packaged more safely;

(g)  selling a product, particularly, the Closetmaid Product which lacked all necessary safety features in its packaging to protect consumers of said product;

(h)  selling a product, particularly, the Closetmaid Product wherein it was foreseeable that someone would be injured in the manner and fashion in which plaintiff was injured to the defective packaging;

(i)  selling a product, particularly, the Closetmaid Product which was not safe;

(j)  selling a product, particularly, the Closetmaid Product which was lacking of one or more elements necessary to make it safe;

(k)  manufacturing, designing and distributing a product, particularly, the Closetmaid Product and its packaging which was defective and which could cause foreseeable injury to the consumer;

(l)  manufacturing, designing and distributing a product, particularly, the Closetmaid Product and its packaging which was unfit for consumption and failed to conform to industry standards;

(m)  manufacturing, designing and distributing a product, particularly, the Closetmaid Product and its packaging which could not be safely consumed by a purchaser, and was unfit for consumption and its failure to conform to industry standards;

(n)  manufacturing, designing and distributing a product, particularly, the Closetmaid Product and its packaging which could not be safely consumed by a purchaser due to the defective packaging and its lack of warnings, as well as being unfit for consumption and failed to conform to industry standards;

(o)  manufacturing, designing and distributing a product, particularly, the Closetmaid Product and its packaging in such a manner so as to allow the packaging to open without notice or warning;

(p)  violating appropriate American National Standards Institute standards;

(q)  manufacturing, designing and distributing a product, particularly, the Closetmaid Product and its packaging which did not have appropriate fail-safe designs to prevent the packaging from opening without notice or warning;

(r)  violating §402 of the Restatement (2d) of Torts;

(s)  manufacturing, designing and selling a product, particularly, the Closetmaid Product and its packaging, which defendant knew or should have known would cause injury to the consumer;

(t)  defectively designing, manufacturing and selling a product, particularly, the Closetmaid Product and its packaging without any type of safety device that would prevent inadvertent opening of the packaging; and

(u)  failing to design a product, particularly, the Closetmaid Product and its packaging

10

with safety features that would prevent inadvertent opening of the packaging.

28.     The negligence and/or carelessness of the agents, servants, workmen, employees, representatives, managers and/or contractors of Defendant, Emerson, which occurred within the course and scope of employment and/or agency with Defendant is imputed to Defendant and therefore, Defendant Emerson is liable for the same.

WHEREFORE, Plaintiff, Susan Haines, demands damages of Defendant, Emerson Electric Co., in a sum in excess of $50,000.00, plus interest, costs and attorney's fees.

## COUNT III
## SUSAN HAINES vs. TARGET CORPORATION and EMERSON ELECTRIC CO.

29.     Plaintiff, Susan Haines, incorporates by reference thereto, Paragraphs 1 through 28, inclusive, as though same were set forth herein at length.

30.     As a result of the negligence and carelessness of Defendants, Plaintiff, Susan Haines, was caused to sustain severe and debilitating personal injuries on or about the entire head, neck, back, shoulders, arms, legs, torso and extremities, severe shock to the nerves and nervous system, with serious personal injury including, but not limited to left foot sprain and contusion and left great toe injury, all or some of which are or will prove to be of a permanent nature and character, and whereby, Plaintiff has suffered, is suffering and will suffer for an indefinite period of time in the future, all to Plaintiff's great detriment and loss.

31.     As a further result of this accident, plaintiff, Susan Haines, has been obligated to receive and undergo medical attention and care for her injuries, and to incur various expenses for said care, and she may be obligated to expend such sums and incur such expenses in the future.

32.     As a further result of this accident, plaintiff, Susan Haines, has been obligated to

11

receive and undergo reasonable and necessary medical treatment and rehabilitative services for the injuries she has suffered, and to incur various expenses for said treatment and services, and she may incur various reasonable and necessary future medical expenses from the injuries sustained.

33.    As a further result of this accident, plaintiff, Susan Haines, has suffered an injury that may be in full or part a cosmetic disfigurement, which is permanent, irreparable, or severe.

34.    As a further result of this accident, plaintiff, Susan Haines, has suffered an injury that has caused a physical deformity, which is permanent, irreparable, or severe.

35.    As a further result of this accident, plaintiff, Susan Haines, has been unable to attend to her daily chores, duties, and occupations, and may be unable to do so in the future.

36.    As a further result of this accident, plaintiff, Susan Haines, has suffered loss of income and in the future, she may suffer an impairment of her earning capacity and power.

37.    As a direct result of the accident, plaintiff, Susan Haines, has and may continue to incur other financial expenses or losses to which she may otherwise be entitled to recover.

38.    As a further result of the accident, plaintiff, Susan Haines, has suffered severe physical pain, aches, mental anguish, and humiliation, inconveniences, and loss of life's pleasures, and she may continue to suffer the same for an indefinite time in the future.

**WHEREFORE,** Plaintiff, Susan Haines, demands damages of Defendants, Target Corporation and Emerson Electric Co., jointly and/or severally, in a sum in excess of $50,000.00, plus interest, costs and attorney's fees.

Robert J. Baccari, Esquire
Attorney for Plaintiff

12

# VERIFICATION

SUSAN HAINES_____, verifies that she/he is the Plaintiff, that the facts set forth in the foregoing Complaint in Civil Action are true and correct to the best of her/his knowledge, information and belief.

This statement is made subject to the penalties of 18 PA C.S. Section 4904 relating to the unsworn falsification to authorities.

Date 7/17/10